# EXHIBIT B

## SETTLEMENT AGREEMENT

### 1.   PREAMBLE

1.1     This case, *Borders v. Wal-Mart Stores, Inc.*, No. 3:17-cv-0506 (S.D. Ill.), was brought by Talisa Borders, Otisha Woolbright, and Stacey Lewis on behalf of themselves and others similarly situated against Walmart Inc., (f/k/a/ Wal-Mart Stores, Inc. and hereinafter "Walmart") alleging, among other things, that during the Time Period Walmart denied employees requested workplace accommodations due to pregnancy and that such a denial violated Title VII of the Civil Rights Act. Walmart denies all allegations alleged in the Amended Complaint. In the interest of resolving this dispute between the Parties without the significant expense, delay, and inconvenience of further litigation of the collective and individual issues raised in this case, and in reliance upon the representations, mutual promises, covenants, and obligations set out in this Settlement Agreement, and for good and valuable consideration also set out in this Settlement Agreement, the Parties, through their undersigned counsel of record, hereby stipulate and agree as follows. This Settlement Agreement is made and entered into as of the dates of Execution set forth below, between the Settlement Class Representatives, on behalf of themselves and the Settlement Class Members, and Walmart, all as further defined below.

### 2.   DEFINITIONS

2.1     "*Agreement*" or "*Settlement Agreement*" means this Settlement Agreement between the Parties.

2.2     "*Approved Claimant*" means any Claimant whose Claim is approved by the Claims Administrator.

2.3     "*ASC*" means Walmart's Accommodation Service Center.

2.4     "*ASC Settlement Class*" means one of the two settlement classes to be certified for settlement purposes in accordance with Section 4 of this Agreement.  The ASC Settlement Class consists of all women employed by Walmart at stores in the 39 National Policy States who were denied requested accommodations because of pregnancy by the ASC during the Time Period.

2.5     "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement.

2.6     "*CAFA Notice*" means the notice to be made in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

2.7     "*Claim*" means a request submitted by a Settlement Class Member to receive payment in accordance with the procedures set forth in this Agreement.

1

2.8     "*Claimant*" means any Settlement Class Member who submits a Claim.

2.9     "*Claim Filing Deadline*" means the date by which Settlement Class Members must submit a Claim Form to the Claims Administrator in accordance with this Agreement in order to be eligible to receive a payment pursuant to this Agreement.

2.10    "*Claim Form*" means a form substantially in the form of the Exhibit 1 attached to this Agreement, which Settlement Class Members shall use to submit Claims to the Claims Administrator.

2.11    "*Claims Administrator*" means, subject to Court approval, the entity selected by Class Counsel to administer the Claims process and be the administrator of the Qualified Settlement Fund ("QSF").  The identity of the Claims Administrator shall also be subject to approval by Walmart, whose consent shall not be unreasonably withheld.  The Claims Administrator shall, among other things: (i) establish a QSF and QSF Account; (ii) determine and finalize the calculations of amounts payable to Approved Claimants as well as any related   tax withholding amounts; (iii) prepare, print, and disseminate to the Settlement Class Members the Notice Packet and return envelope in accordance with the Notice Plan; (iv) receive and review the Claim Forms submitted by Claimants to determine eligibility; (v) track returned Notices and Exclusion Forms; (vi) attempt to ascertain current address and addressee information for each Notice Packet returned as undeliverable, and re-disseminate the Notice Packet and return envelope to those Settlement Class Members whose Notice Packet was returned as undeliverable; (vii) notify the Parties of determinations regarding submitted Exclusion Forms, consistent with this Agreement; (viii) determine the final Settlement Payment for each Approved Claimant in accordance with this Agreement; (ix) mail the settlement checks to Approved Claimants; (x) wire Class Counsel's Attorneys' Fees and Litigation Expenses to Class Counsel in accordance with this Agreement and Order of the Court; (xi) refer to Class Counsel and, where appropriate, also to Walmart's Counsel, all inquiries by Settlement Class Members that the Claims Administrator cannot resolve and/or that involve matters not within the Claim Administrator's duties as specified herein; (xii) respond to inquiries of Class Counsel or Walmart's Counsel; (xiii) promptly apprise Parties' counsel of the activities of the Claims Administrator; (xiv) send Notice Packets to self-identifiers; (xv) establish the Settlement Website to provide Settlement Class Members with information about this Settlement; and (xvii) perform other notice and administration duties in accordance with this Agreement and the Court's orders.

2.12    "*Class Counsel*" means Mehri & Skalet, PLLC, National Women's Law Center, and A Better Balance.

2.13    "*Class Representatives*" means Talisa Borders, Otisha Woolbright, and Stacey Lewis.

2.14    "*Court*" means the United States District Court for the Southern District of Illinois, as well as any appellate court which may review any orders entered by the District Court related to this Settlement.

2.15   "***Days***," as used to calculate dates for events provided herein (unless the date is expressed in terms of "business days"), has the same meaning as used when calculating days under the Federal Rules of Civil Procedure.

2.16   "***Execution***" means the signing of this Agreement by all signatories hereto.

2.17   "***Final Judgment and Order of Dismissal***" means the Final Judgment and Order of Dismissal approving the Settlement and dismissing the Litigation with prejudice as against Walmart, substantially in the form of the proposed Final Judgment and Order of Dismissal attached hereto as Exhibit 2, which this Settlement contemplates will be approved and entered by the Court.

2.18   "***Gross Settlement Amount***" means the amount of money that Walmart will be obligated to pay under this Settlement, $14,000,000, on a non-reversionary basis as provided for in this Agreement.  With the exception of the cost to send CAFA Notice and the employers' share of taxes to be paid in accordance with this Agreement, under no circumstances shall Walmart be obligated to pay more than the Gross Settlement Amount in connection with this Settlement.

2.19   "***Litigation***" means the case of *Borders v. Wal-Mart Stores, Inc*., No. 3:17-cv-0506 (S.D. Ill.).

2.20   "***National Policy States***" means Alabama; Alaska; Arizona; Arkansas; Colorado; Delaware; Florida; Georgia; Idaho; Indiana; Iowa; Kansas; Maine; Maryland; Massachusetts; Michigan; Minnesota; Mississippi; Missouri; Nebraska; Nevada; New Hampshire; New Jersey; New York; New Mexico; North Carolina; North Dakota; Oregon; Pennsylvania; Rhode Island; South Carolina; South Dakota; Texas; Utah; Vermont; Virginia; Washington; Wisconsin; and Wyoming.

2.21   "***Net Settlement Amount***" means the portion of the Gross Settlement Amount remaining after deducting the amounts approved by the Court for (1) Attorneys' Fees and Litigation Expenses and any interest earned in accordance with Section 10 of this Agreement; (2) Notice and Claims Administrator Costs; and (3) any other fees or expenses incurred in executing the terms of this Agreement that are approved by the Court.

2.22   "***Non-ASC Settlement Class***" means one of the two settlement classes to be certified for settlement purposes in accordance with Section 4 of this Agreement.  The Non-ASC Settlement Class consists of all women employed by Walmart at stores nationwide who were denied requested accommodations because of pregnancy by store level management and/or store-level human resource personnel during the Time Period.

2.23   "***Notice***" means the Court-approved Notice of Proposed Settlement of Class Action Lawsuit and the Notice Process set forth in Section 6of this Agreement.

2.24   "***Notice and Settlement Administration Costs***" means the costs that Walmart has agreed to pay, subject to Court approval, from the Gross Settlement Amount, to the Claims

Administrator to send Notice, administer the Claims process, and perform other settlement administration functions in accordance with this Agreement.

2.25    "*Notice Packet*" means the Notice and Claim Form which will be provided to Settlement Class Members by the Claims Administrator using the procedures set forth in Section 6 of this Agreement.

2.26    "*Notice Period*" means the minimum period of time during which Notice will be made as approved by the Court.

2.27    "*Parties*" means the Class Representatives and Walmart.

2.28    "*Plan of Allocation*" means the method by which the Net Settlement Amount shall be allocated among the Claimants, as described in Section 5.3.2_of this Agreement.

2.29    "*QSF*" means the Qualified Settlement Fund to be approved by the Court and set up by the Claims Administrator in accordance with Section 11 of this Agreement.

2.30    "*Releasing Settlement Class Members*" means all Settlement Class Members other than those Settlement Class Members who submit valid requests for exclusion in accordance with this Agreement.

2.31    "*Settlement*" means the compromise and settlement of the Litigation as contemplated by this Agreement.

2.32     "*Settlement Class*" or "*Settlement Classes*" refers to both the "ASC Settlement Class" and the "Non-ASC Settlement Class" unless otherwise noted.  It means the settlement classes to be certified only for settlement purposes in accordance with Section 4 of this Agreement.

2.33    "*Notice List  Data*" means an electronic database that Walmart will provide to the Claims Administrator which contains the following information for each person identified as being a potential Settlement Class Member and to whom notice will be sent: last known contact information including name, address, e-mail address (if available), telephone number (including cell phone number) (if available), and Social Security number; whether the Settlement Class Member's request for accommodation was decided by the ASC and the disposition (if applicable); the state in which the Settlement Class Member worked for Walmart during the Time Period; whether the Settlement Class Member went on leave or resigned during the Time Period; whether Walmart's internal records show an actual or expected date of delivery for the Settlement Class Member; and if the internal records contain such information, the total number of days (if any) prior to the actual or expected delivery date the Settlement Class Member was on leave or the total number of days (if any) prior to the actual or expected delivery date the Settlement Class Member resigned. Walmart will provide this electronic database within ten (10) business days of the Court's preliminary approval of the Settlement Agreement.  The parties agree that it is a material term to the Settlement Agreement that the Settlement Class Member Data provided by Walmart accurately present the data in its databases.

2.34   "*Settlement Class Members*" means the Class Representatives and all members of the Settlement Classes.

2.35   "*Settlement Effective Date*" means the date of the last of the following occurrences:

> 2.35.1  If no objections are filed to the Settlement, then thirty-one (31) days after the date of the entry of the Final Judgment and Order of Dismissal; or

> 2.35.2  If objections to the Settlement are filed and overruled and the time to seek permission to appeal or seek other judicial review of the entry of the Final Judgment and Order of Dismissal has expired with no appeal or other judicial review having been taken or sought, then sixty-five (65) days after the entry of the Final Judgment and Order of Dismissal; or

> 2.35.3  If an appeal or other judicial review has been taken or sought from the Final Judgment and Order of Dismissal, then twenty (20) days after any such appeal is withdrawn or an appellate decision affirming the Final Judgment and Order of Dismissal becomes final with no further rights to appeal.

2.36   "*Settlement Payment*" means the final payment that an Approved Claimant is entitled to receive under this Agreement pursuant to the calculations to be made under Section 5 of this Agreement.

2.37   "*Settlement Website*" means the website created and managed by the Claims Administrator, which will provide access to this Agreement, the court-approved Notice Packet, the online Claim Form, and other information regarding the Settlement.

2.38   "*Time Period*" means the period between March 19, 2013 and March 5, 2014, inclusive.

2.39   "*Walmart*" means Walmart Inc. f/k/a Wal-Mart Stores, Inc. and all of its current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders.

## 3.   RECITALS

3.1   On May 12, 2017, Plaintiffs Talisa Borders and Otisha Woolbright filed a Complaint, and on January 29, 2019, Plaintiffs Borders and Woolbright filed an Amended Complaint along with Plaintiff Stacey Lewis, against Walmart in the United States District Court for the Southern District of Illinois, alleging that Walmart discriminated against Plaintiffs and the putative class members because Walmart during the Time Period denied employees requested workplace accommodations due to pregnancy, and that such a denial violated Title VII of the Civil Rights Act. Plaintiffs asserted claims for damages on behalf of a nationwide class under Title VII of the Civil Rights Act. Plaintiffs Borders and Woolbright also asserted individual retaliation claims under Title VII.

3.2     Walmart denies each and every one of the Plaintiff's allegations, as set forth in its Answer to the Complaint and Amended Complaint and other pleadings filed in the Litigation.

3.3     This case has been heavily litigated for over five years.  On January 11, 2014, Plaintiff Borders filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission alleging individual and class pregnancy discrimination claims and individual retaliation claims.

3.4     Beginning in December 2018, the Parties participated in a series of private mediation sessions with Michelle Yoshida, a private mediator with substantial experience in employment cases. As a result of those mediation sessions, and as a result of additional arms-length negotiations, the Parties reached an agreement to resolve the Litigation in accordance with the terms of this Agreement. All prior written documents exchanged between the Parties are superseded and replaced by this Agreement.

3.5     The Settlement Class Representatives and Class Counsel believe that the claims of the Settlement Class Members are meritorious. Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the named Plaintiffs' and the Settlement Class Members' claims against Walmart, including, but not limited to: (i) interviewing pregnant women who worked at Walmart and analyzing the results of the interviews; (ii) reviewing and analyzing relevant documents and data, including thousands of pages of documents and databases produced by Walmart and documents provided to Class Counsel by the named Plaintiffs; (iii) researching the applicable substantive and procedural law and Walmart's potential defenses, including other relevant pregnancy discrimination cases against Walmart; (iv) consulting with experts to develop models for identifying disparities in the rates of accommodation granted by the ASC to women employed in the National Policy States and other states, evaluating the leave taken by Settlement Class Members, and valuing the potential damages of Settlement Class Members; (v) developing and preparing factual and legal arguments for a class certification motion, which ultimately was not filed, and other substantive motions; (vi) advocating for the rights of the Settlement Class Members; and (vii) preparing for and engaging in mediation with Walmart and Walmart's counsel. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and that the Settlement is in the best interests of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Walmart, trial risk, and appellate risk.

3.6     Walmart denies liability or wrongdoing of any kind associated with the claims alleged. Walmart further asserts that it has complied with all applicable provisions of federal or state statutory and common law. Walmart further states that despite its good faith belief that it is not liable for any of the claims asserted, Walmart will not oppose the District Court's certification of the Settlement Classes contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Walmart does not waive its objections to class certification in this Litigation, or any other

litigation, for any purpose other than this Settlement, and Plaintiffs do not waive their contention that class certification is appropriate in this case.

3.7     The entry of Final Judgment and Order of Dismissal in this Litigation shall dismiss the Litigation with prejudice, with the exception of any claims that might be retained by any Settlement Class Members who timely submit a request to exclude themselves in accordance with the opt-out process described in this Agreement. Walmart shall retain any existing defenses to such excluded claims. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and, to the extent of the obligations set forth herein, to dismiss this Litigation against Walmart with prejudice.

3.8     Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

## 4.     CERTIFICATION OF THE SETTLEMENT CLASS

4.1     In order to implement the Settlement, Class Counsel shall request that the District Court certify the Settlement Classes described in Section 2 above pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The proposed Court order shall expressly state that the Parties and Class Counsel agree that certification of the Settlement Classes is for settlement purposes in this Litigation only and for no other purpose.

## 5.     MONETARY TERMS OF SETTLEMENT

5.1     Subject to the other terms and conditions of this Agreement, and subject to Court approval, Walmart agrees to pay the Gross Settlement Amount of Fourteen Million Dollars ($14,000,000). No portion of the Gross Settlement Amount shall revert to Walmart.

5.2     All payments to Settlement Class Members, all Attorneys' Fees and Litigation Expenses awarded by the Court to Class Counsel, and all Notice and Settlement Administration Costs shall be paid from the Gross Settlement Amount. Other than the costs incurred by Walmart to prepare and send the CAFA Notice, and amounts required for the Employers' Share of Taxes in accordance with Section 5.3.3, the Gross Settlement Amount shall be the maximum amount of money that Walmart shall pay under this Settlement.

5.3     Net Settlement Amount

5.3.1   The Net Settlement Amount shall consist of the portion of the Gross Settlement Amount remaining after deducting the amounts approved by the Court for (1) Attorneys' Fees and Litigation Expenses and any interest earned in accordance with Section 10 of this Agreement; (2) Notice and Settlement Administration Costs; and (3) any other fees or expenses incurred in executing the terms of this Agreement that are approved by the Court.

5.3.1.1 Each Settlement Class Member who submits an Approved Claim shall be entitled to receive a share of the Net Settlement Amount in accordance with the Plan of Allocation.

5.3.1.2 Claims shall be made either by submitting a Claim form online through the Settlement Website or by mailing a Claim Form to the Claims Administrator in accordance with the terms of this Agreement.

5.3.1.3 To be timely, a Claim Form must be submitted to the Claims Administrator by the Claim Filing Deadline.  The Claim Filing Deadline is the last day of the Notice Period.

5.3.2    Payments to Approved Claimants will be based on a Plan of Allocation, which shall be submitted to the Court for approval as part of the motions for preliminary and final approval. The Plan of Allocation will include a formula for claims, which will include the following components:

5.3.2.1 A backpay component based on objective factors, which shall include the number of weeks of wages alleged to have been lost due to Walmart's denial of the Claimant's request for workplace accommodation because of pregnancy and the Claimant's pay rate;

5.3.2.2 For members of the Non-ASC Settlement Class, evidence of a request for accommodation because of pregnancy and/or of the denial of a request for accommodation;

5.3.2.3 A compensatory damages component based on information provided on the Claim Form regarding emotional distress and/or physical harm claimed to have been suffered as a result of a denial of accommodation and/or individual evidence of pregnancy discrimination;

5.3.2.4 Other financial damages and expenses other than backpay claimed to have been suffered as a result of a denial of accommodation and/or of pregnancy discrimination, such as costs incurred for medical care or other treatment and consequential damages;

5.3.2.5 Information provided by Class Counsel to the Claims Administrator and/or by the Claimant on the Claim Form regarding the Claimant's contribution to the prosecution of this matter; and

5.3.2.6 The scope of the release applicable to the Claimant, which release shall be broader for the Class Representatives as compared to all other Settlement Class Members.

5.3.2.7 Walmart shall have no responsibility or liability for the Plan of Allocation or any allocations, distributions or use of funds made pursuant to such Plan

and shall take no position for or against the proposed Plan of Allocation or any allocations, distributions or use of funds made pursuant to such Plan, provided, however, that Walmart shall have the right to review and comment on the proposed Plan of Allocation with respect to feasibility. Further, nothing related to the Plan of Allocation, including any allocations, distributions or use of funds made or recommended by the Claims Administrator pursuant to the Plan of Allocation shall be used by or against Walmart or any other person or entity in this or any other litigation

5.3.3  The Parties agree that the amounts paid to Approved Claimants shall be allocated such that 50% constitutes wages subject to the withholdings of all applicable local, state, and federal taxes and withholdings, and 50% constitutes remuneration for damages separate and distinct from lost wages.  The QSF shall be responsible for issuing the appropriate tax forms to Approved Claimants, consistent with this Agreement.  Walmart agrees to transfer to the QSF funds sufficient to pay the employer's share of applicable taxes, if any, which amount shall be in addition to the Gross Settlement Amount.

5.4  Attorneys' Fees and Litigation Expenses

5.4.1  Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses.  The amount of Attorneys' Fees and Litigation Expenses awarded by the Court shall be paid from the Gross Settlement Amount in accordance with this Agreement.  Should the Court award less than the full amount of Attorneys' Fees and Litigation Expenses sought by Class Counsel, the difference shall revert to the Net Settlement Amount, subject to Section 17.2.

5.5  Notice and Settlement Administration Costs

5.5.1  Subject to Court approval, reasonable Notice and Settlement Administration Costs, up to $200,000, shall be paid from the Gross Settlement Amount.

6.  NOTICE TO THE SETTLEMENT CLASSES

6.1  The Claims Administrator shall provide notice of the Settlement to Settlement Class Members through a Court-approved Notice Package, which shall be comprised of a Notice and Claim Form in substantially the same form of Exhibits 1 and 3, subject to Court approval.

6.2  Within ten (10) business days of the date on which the Court enters an order granting preliminary approval of the Settlement, or on another reasonable date as agreed to by the Parties, Walmart shall provide the Claims Administrator and Class Counsel an Excel chart

with the Settlement Class Member Data for all members of the two Settlement Classes. The chart shall indicate whether each individual is currently employed by Walmart.

6.3    Within twenty (20) business days of the date on which the Court enters an order granting preliminary approval of the Settlement, or on another reasonable date as agreed to by the Parties (the "Notice Date"), using the Settlement Class Member Data provided by Walmart (as supplemented by any more current information that may be available from Class Counsel or based on address or other updates conducted by Claims Administrator), the Claims Administrator will send the Notice Packet by first class mail (including a postage-paid return envelope) to each person identified in the Notice List Data. Prior to the mailing of the Notice Packet to the persons identified in the Notice List Data, the Claims Administrator shall attempt to confirm the accuracy of the U.S. mail addresses through the United States Post Office's National Change of Address database and shall mail the Notice Packet to any updated address obtained therefrom.  On the same day that the Notice Packet is sent by first class mail, the Claims Administrator will send an email containing a link to the Notice Packet to those persons identified in the Notice List Data for whom last known email addresses are available with an explanatory email using language approved by the Parties.

6.4    Approximately half-way through the Notice Period, the Claims Administrator will send a reminder postcard by first class mail and email (where available) to any person identified in the Notice List Data who has not submitted a valid Claim Form or has not excluded themselves from the Settlement.

6.5    If any Notice Packet is returned as undeliverable for some to whom a Notice Packet had been mailed, the Claims Administrator shall promptly attempt to locate such person through an electronic search using the Social Security number and/or former address of that person or any other data the Claims Administrator deems appropriate, and shall promptly mail an additional Notice Packet to such person. The Claims Administrator will maintain a log of its activities undertaken pursuant to this Section.

6.6    The Notice will contain a URL to a website established and maintained by the Claims Administrator where Settlement Class Members may submit their Claim Forms electronically and in a secured manner and where Settlement Class Members may also obtain information regarding the Settlement.  The Claims Administrator also will maintain a toll-free number that Settlement Class members may call with questions.

6.7    Information regarding the claims administrator's website and relevant case pleadings will also be disseminated through Class Counsel's websites.

## 7.    CLASS ACTION FAIRNESS ACT (CAFA) NOTICE

7.1    Walmart shall provide Notice to the appropriate governmental authorities in accordance with the Class Action Fairness Act ("CAFA"). Walmart shall pay for the cost of providing

the CAFA Notice separate from and in addition to the $14 million Gross Settlement Amount.

## 8.    EXCLUSION PROCESS

8.1    A Settlement Class Member who wishes to exclude herself from this Settlement and from the release of claims pursuant to this Settlement shall submit a timely and valid request to exclude themselves. To be timely, the request for exclusion must be sent to the Claims Administrator and postmarked by the Claim Filing Deadline (or, in the case of a re-mailed notice, within 60 days of its mailing but not later than 30 days after the Claim Filing Deadline). To be valid, the request for exclusion must be in writing, signed by the Settlement Class Member and contain a statement that the individual requests to be excluded from the Settlement Class and that she is aware that by opting out she will forego any monetary relief from the Settlement.

8.2    A Settlement Class Member who submits a timely and valid request for exclusion may rescind her request.  To be effective, such rescissions must be in writing, signed by the Settlement Class Member, and submitted not later than 30 days from the Claims Filing Deadline or 30 days from the post mark on the request for exclusion, whichever is later.

8.3    A Settlement Class Member who submits a timely request for exclusion, and who does not effectively rescind it, is not eligible to recover a share of the Net Settlement Amount.  The Claims Administrator shall maintain a list of persons who have submitted requests for exclusion and rescissions and shall provide such list to the Parties upon request. The Claims Administrator shall retain the originals of all requests for exclusion and rescissions received from Settlement Class Members and shall provide copies of same to counsel for the Parties within five (5) business days of receipt.

## 9.    OBJECTION PROCESS

9.1    A Settlement Class Member who wishes to object to the Settlement must submit a timely and valid objection in writing by filing it with the Court or submitting it to the Claims Administrator on or before the Claims Filing Deadline.  To be considered timely, the objection must be postmarked on or before the deadline. To be considered valid, an objection must: (1) be from a Settlement Class Member; (2) be in writing and contain a statement that the individual objects to the Settlement of *Borders v. Wal-Mart Stores, Inc.*; (3) include the objector's name, address, dates of pregnancy, a description of the objector's request for accommodation due to pregnancy and Walmart's denial of the request, and the last four digits of the Settlement Class Member's Social Security Number; and (4) be signed and dated. The objection must include the basis for the objection (including why the objector believes the Settlement is not in the best interests of the Settlement Class Members), whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, along with any and all documents that support the objection. The objection must also state whether the objector intends to appear at the final approval hearing. Additional instructions regarding how to object to the Settlement shall be contained in the Notice. A

11

Settlement Class Member who submits a request for exclusion is not eligible to object to the Settlement.

9.2   The Claims Administrator shall maintain a list of persons who have filed objections and shall provide such list to the Parties upon request. To the extent that objections are sent to the Claims Administrator, the Claims Administrator shall retain the originals of any such objections and shall provide copies of any such objections to counsel for the Parties within five (5) business days of receipt. Class Counsel shall then file any such objections with the Court.

9.3   Settlement Class Members who do not file timely and valid written objections in accordance with the procedures set forth in this Agreement and the Notice shall be deemed to have waived any objections to the Settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed Settlement, or the Court's award of Attorneys' Fees and Litigation Expenses.

## 10.   FUNDING AND DISTRIBUTION PROCESS

10.1   The Gross Settlement Amount shall be funded through a QSF in accordance with this Agreement.  The timing of the payments by Walmart to the QSF is set forth in this Section.

10.2   Within (10) business days following the date on which the Court enters an order granting preliminary approval of the Settlement, or within fourteen (14) days following the date on which the Court enters an order approving the QSF, whichever is later, Walmart shall transfer 20% of the Gross Settlement Amount ($2,800,000) to the QSF. The remainder after payment of Notice and Settlement Administration Costs shall be added to the Net Settlement Amount.

10.3   Subject to Section 10.4, within ten (10) business days following the Settlement Effective Date, Walmart shall transfer the remaining 80% of the Gross Settlement Amount ($11,200,000) to the QSF.  Class Counsel shall provide the Claims Administrator with the information as to whom the Attorneys' Fees and Litigation Expenses approved by the Court should be distributed from the QSF.

10.4   At the appropriate time, the Claims Administrator shall also calculate any additional amounts to be paid by Walmart for the employer's share of taxes and shall provide notice to Walmart, in writing, of the amount to be transferred and an account, other than the QSF, into which to transfer such funds.  Within ten (10) business days of its receipt of such written notice, Walmart shall transfer such amount to an account other than the QSF as directed by the Claims Administrator.

10.5   Upon the Settlement Effective Date, Class Counsel shall retain any interest earned with respect to the amounts awarded for Attorneys' Fees and Litigation Expenses, and the interest earned with respect to the other amounts shall be added to the Net Settlement Amount.

10.6   In the event that the Settlement Effective Date does not occur, any amounts actually used or committed by the Claims Administrator for Notice and Settlement Administration Costs shall not be refundable to Walmart.  Those amounts not used or committed by the Claims Administrator, including any interest earned, shall be refunded to Walmart.

10.7   Within thirty (30) days after the Settlement Effective Date, or on such other reasonable date as agreed to by the Parties, the Claims Administrator will distribute the monies paid pursuant to this Settlement by making the following payments:

10.7.1   Paying Approved Claimants their payments from the Net Settlement Amount as described in Section 5.3.

10.7.2   Paying Class Counsel's Court-approved Attorneys' Fees and Litigation Expenses as described in Section 5.4.

10.7.3   Paying the Claims Administrator any Notice and Administration Costs not previously paid.

10.8   For any Approved Claimant whose check remains uncashed one hundred twenty (120) days from issuance, the Claims Administrator shall mail a reminder notice to the Approved Claimant that the check will only remain valid for one hundred eighty (180) days from issuance. Thereafter, all uncashed checks shall be voided.

10.9   One year after the date checks are mailed, the Claims Administrator shall advise Class Counsel what amount, if any, remains in the Settlement Fund.  Subject to any applicable laws that may govern the handling of such uncashed checks, Class Counsel shall determine, in their sole discretion, whether any such remaining funds are sufficient such that it is feasible to distribute such funds on a pro rata basis to those Approved Claimants who cashed their settlement checks or, if the amount remaining is insufficient to merit a second distribution.  In the event of the latter, the Parties shall meet and confer as to an appropriate manner to handle such remaining funds, subject to Court approval.

## 11.   QUALIFIED SETTLEMENT FUND

11.1   As required under this Agreement, Walmart shall transfer the required portions of the Class Settlement Amount to a Qualified Settlement Fund, to be held as a separate trust as described in Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-l. Class Counsel and Walmart jointly shall take such steps as shall be necessary to qualify the QSF under § 468B of the Internal Revenue Code, 26 U.S.C. § 468B, and the regulations promulgated pursuant thereto. Walmart shall be considered the "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(l). The Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1 .468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its preliminary approval of the Settlement and Notice as described in this

13

Agreement. The Court shall retain jurisdiction over the administration of the QSF. Walmart shall supply to the Claims Administrator and to the Internal Revenue Service the statement described in Treasury Regulation § 1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Walmart makes a transfer to the QSF. It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirements of § 461(h)(l) of the Internal Revenue Code and Treasury Regulation § 1.461-1(a)(2). Accordingly, Walmart shall not include the income of the QSF in its income. Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

11.2    Upon establishment of the QSF, the Claims Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4).

11.3    If requested by either Walmart or the Claims Administrator, the Claims Administrator, the Claims Administrator and Walmart shall fully cooperate in filing a relation-back election under Treasury Regulation § 1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

11.4    Following its deposits as described in this Agreement, Walmart shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of Claims and requests for exclusion, the allowance or disallowance of claims by Claimants, payments to Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the QSF or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Walmart's obligations to Claimants and Class Counsel and for expenses of administration in respect to the disposition of the Gross Settlement Amount hereunder.  Rather, the Claims Administrator shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Claimants and Class Counsel, and payment of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of Walmart or Class Counsel to seek redress for any breach of the terms hereof.

11.5    The Claims Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, and tax withholdings statements in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § 1.468B-2(l)(2)(ii).  The Claims Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Claims Administrator or the Trustee with respect to the preparation and filing of such materials and the federal, state and local tax compliance of the QSF.  Either Walmart or the Claims Administrator, independently or jointly, may, but are not required to, apply

14

to the Internal Revenue Service and/or any applicable state taxing authority for an advance ruling as to any issue pertinent to the qualification of the QSF under Internal Revenue Code § 468B and Treasury Regulations promulgated thereunder, its tax status under applicable state law, and/or its tax payment, reporting and withholding duties, so long as Walmart and the remaining Parties are reasonably satisfied that such application and ruling will not compromise the confidentiality of the Settlement evidenced herein as required by this Agreement.   Subject to any contrary holdings in any such ruling, Settlement Class Members shall be responsible for payment of appropriate federal, state, and local income taxes on any Claim paid out pursuant to this Agreement. The Parties agree that no portion of any distributions from the QSF to the Settlement Class Members is made in satisfaction of any excluded liability as described in Treasury Regulation § 1.468B-1(g) related to Qualified Settlement Funds.

11.6   The taxable year of the QSF shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j).  The QSF shall utilize the accrual method of accounting within the meaning of § 446(c) of the Internal Revenue Code.

11.7   Based on the Claims Administrator's recommendation and approval by Class Counsel, the QSF may be invested in United States Treasury bills, money market funds primarily invested in the same, or certificates of deposit ("CDs"), provided that such portions of the QSF as may reasonably be required to pay current QSF administrative expenses, taxes or disbursements to Claimants or Class Counsel may be deposited in bank accounts which are federally insured to the greatest extent practicable.   All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

11.8   The Claims Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Class are not altered thereby in any material respect.

## 12.   COMPREHENSIVE WAIVER, RELEASE, DISMISSAL

12.1   Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge Walmart from any and all allegations, claims, causes of action, demands, obligations, or liability, whether for injunctive relief, damages, penalties, or any other form of recovery, arising out of or in connection with claims that were made or could have been made with respect to pregnancy discrimination, whether under the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) or otherwise, that arose during the Time Period.  The Parties agree that nothing in this Agreement shall preclude claims for other forms of gender discrimination.

12.2   Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged,

and in addition to the release given by the Class Representatives pursuant to Section 12.1 of this Agreement,  the Class Representatives on behalf of themselves and any and all of their spouses, representatives, heirs, successors, assigns, devisees, and executors (excluding the Class Members they seek to represent), release, acquit, and forever discharge Walmart from any and all allegations, claims, causes of action, demands, obligations, or liability, whether for injunctive relief, damages, penalties, or any other form of recovery, arising out of or in connection with any and all allegations, claims, causes of action, demands, obligations, or liability, whether for injunctive relief, damages, penalties or any other recovery in nature, that were made or could have been made against Walmart, through the date of the execution of this Agreement, including, but not limited to, any and all rights and claims whether based on tort, contract or any federal, state or local law, statute, or regulation, including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, any state analogs to such laws, and the constitutions of the United States or any applicable state. The Class Representatives understand that subject to the foregoing, this is otherwise a full and final release covering all unknown and unanticipated injuries, debts, claims, or damages which may have arisen, or may arise, in connection with any act or omission by Walmart prior to the date of execution of this Agreement.

12.3    The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

12.4    The Final Judgment and Order of Dismissal shall dismiss the Litigation with prejudice and shall incorporate the terms of this release.

13.    DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY COURT APPROVAL

13.1    Plaintiffs shall file with the District Court a motion for preliminary approval of the Settlement, asking the Court to preliminarily approve the Settlement Agreement and to certify the Settlement Classes and appoint Class Counsel for settlement purposes.  Plaintiffs shall afford Walmart a reasonable time to review and comment on the motion for preliminary approval.  The motion shall seek:

13.1.1    Certification of the Settlement Classes and appointment of Class Counsel for settlement purposes in accordance with applicable legal standards and this Agreement;

13.1.2    Preliminary approval of the Settlement;

13.1.3    Approval as to the form and content of the Notice Packet;

13.1.4    Approval of the establishment of the QSF in accordance with applicable legal requirements and this Agreement; and

13.1.5 A fairness hearing on the question of whether the proposed Settlement shall be finally approved as fair, reasonable, and adequate as to the Settlement Class.

13.2 Walmart shall cooperate with Class Counsel to obtain preliminary approval of the Settlement, including each of the elements in Section 13.1.

13.3 The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo until either the Settlement Effective Date occurs or the Settlement Agreement is voided.

13.4 If the Court does not grant preliminary or final approval of the Settlement, the Parties shall work together in good faith to address the concerns raised by the Court.  If the Parties are unable to jointly agree on solutions to address the Court's concerns, the Parties shall request the assistance of Michelle Yoshida, or another mediator agreed to by the parties, to assist them unless the Parties mutually agree not to resort to a mediator.  Similarly, if the parties are unable to reach agreement on the terms of the Settlement documents, then the parties shall request the assistance of Michelle Yoshida, or another mediator agreed to by the parties, to assist them unless the parties mutually agree not to resort to a mediator.

14.   DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

14.1 Following preliminary approval by the District Court of the Settlement, and no later than 30 days prior to the Claims Filing Deadline, Class Counsel will submit a motion for attorneys' fees and costs and memorandum in support.

14.2 Following preliminary approval by the District Court of the Settlement, and no later than fourteen (14) calendar days prior to the final fairness hearing, Class Counsel will submit a motion for final approval that includes a proposed Final Judgment and Order of Dismissal substantially in the form attached hereto as Exhibit 2. The proposed Final Judgment and Order of Dismissal shall:

14.2.1 Grant final approval to the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

14.2.2 Approve Class Counsel's application for Attorneys' Fees and Litigation Expenses;

14.2.3 Dismiss this Litigation as between the Settlement Class Members on the one hand, and Walmart on the other hand, with prejudice and permanently bar the Releasing Settlement Class Members from further prosecuting any of the Released Claims, subject to the Court's continuing jurisdiction described in Section 14.3;

14.2.4 State that the District Court shall retain continuing jurisdiction over this action as set forth in Section 14.3.

14.3 The District Court shall retain continuing jurisdiction over this action (a) for a period of six months after the Settlement Effective Date, or (b) for a period of one month after all

Settlement Class Members have received their final payments under the Settlement and any remaining funds from the Class Settlement Amount have been distributed, whichever is greater. The Parties agree to submit to the jurisdiction of the Court and shall be bound by the terms of this Settlement, including, without limitation, disputes related to interpreting, implementing and enforcing the Settlement, and will request that the Court retain jurisdiction to hear any such disputes.

14.4   Walmart shall cooperate with Class Counsel as necessary to obtain final approval and the dismissal of the Litigation.

14.5   The Final Judgment and Order of Dismissal shall not be considered final until the occurrence of the Settlement Effective Date.

## 15.   MUTUAL FULL COOPERATION

15.1   The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement.

## 16.   STATEMENT OF NO ADMISSION

16.1   Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Walmart. Walmart further denies liability for any alleged wrongdoing, expressly denies liability for the claims asserted and denies and does not admit any of the pleaded facts not admitted in its pleadings in the Litigation. Nor shall this Agreement constitute an admission by Walmart as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Litigation. Likewise, nothing in this agreement shall be construed or deemed an admission by Plaintiff or the Settlement Class with regards to the validity of any of Walmart's defenses or affirmative defenses. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

16.2   The Parties further agree that this Agreement and all of its Exhibits, any Exclusions or Objections, the Court's actions (including Court orders) related to this Settlement, and all other statements, discussions, negotiations, actions, documents or items (including argument of counsel) undertaken by anyone relating to this Settlement are settlement communications or documents and, as such, they: (a) do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Walmart as to any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity; and (b) shall not be admissible in evidence and shall not be used for any purpose in this Litigation or in any other judicial,

arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against any Party for any purpose, including as evidence of any admission by either Party of any liability (or lack of liability) with respect to any claim for damages or other relief, or of the appropriateness (or lack of appropriateness) of class certification or any element thereof, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement, including the Release.

## 17.    VOIDING THE AGREEMENT

17.1    Except with respect to the provisions of Section 17.2, in the event that this Settlement is not finally approved, or if for any reason the Settlement Effective Date does not occur, and the parties are unable to come to an agreement pursuant to the process described in Section 13.4, the Settlement and this Agreement shall be deemed null, void, and unenforceable, and each Party shall retain all of its respective rights as they existed as of the date notice of the Settlement was first provided to the Court, and neither this Agreement, nor any of its accompanying Exhibits or any orders entered by the Court in connection with this Agreement, shall be admissible or used for any purpose in any subsequent proceedings in this Litigation or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding. Provided, however, Walmart shall not be reimbursed for any monies reasonably spent by the Claims Administrator, or reasonably owed to the Claims Administrator but not yet paid, for Notice and Settlement Administration Costs.

17.2    In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amounts requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel are reduced, such findings shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. Class Counsel retain their right to appeal any decision or order by the Court regarding the Attorneys' Fees and Litigation Expenses.

## 18.    SIGNATORIES' AUTHORITY

18.1    The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## 19.    NO PRIOR ASSIGNMENTS

19.1    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## 20.    NOTICES

20.1    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly

given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

| 20.1.1  To the Class: | 20.1.2  To Walmart: |
|---|---|
| Ellen Eardley | Chad J. Doellinger |
| Cyrus Mehri | Naomi G. Beer |
| Mehri & Skalet, PLLC | GREENBERG TRAURIG, LLP |
| 1250 Connecticut Ave NW, Suite 300 | 1144 15th Street, Suite 3300 |
| Washington, DC 20036 | Denver, Colorado 80202 |
| Tel:    (202) 822-5100 | Tel:    (303) 572-6500 |
| Fax:    (202) 822-4997 | Fax:    (303) 572-6540 |
| E-mail: cmehri@findjustice.com | Email:  DoellingerC@gtlaw.com |
| eeardley@findjustice.com | BeerN@gtlaw.com |

## 21.   CONFIDENTIALITY

21.1   The negotiations related to this Agreement (including the negotiations related to the drafting of this Agreement and any negotiations prior to preliminary approval or between the time of preliminary and final approval) will remain strictly confidential and shall not be discussed with anyone other than the Class Representatives and their immediate family, Walmart, their retained attorneys, their accountants and financial or tax advisers, the retained consultants, the mediator Michelle Yoshida, the Court, doctors, and therapists, unless otherwise agreed to by Class Counsel and Walmart or unless otherwise ordered by the Court. Notwithstanding the other provisions of this Section, Walmart may disclose the Settlement in filings that it is required to make with the Securities and Exchange Commission, including 10-Q and 10-K filings, or in other disclosures to investors, and Class Counsel may disclose the Notice Packet and Joint Press Release (once issued in accordance with Section 22.1) on their websites and social networking sites.

## 22.   PRESS RELEASE

22.1   The Parties shall agree on the terms and language of a Joint Press Release with respect to this Settlement.   The Joint Press Release may be updated upon the grant of preliminary approval and/or final approval by the District Court to reflect the then-current status of the District Court's approval as may be appropriate.   Unless otherwise agreed to by counsel for the Parties, the Joint Press Release shall not be issued until final approval is granted.  Other than with respect to the issuance of the Joint Press Release at final approval (or earlier issuance if so agreed to by counsel for the Parties), neither the Parties nor their counsel shall affirmatively reach out to the media regarding the Settlement, this Agreement or the resolution of the Litigation.  In the event the Parties or their counsel are

contacted by the media about the Settlement, this Agreement or the resolution of the Litigation, they shall respond to such inquiries by referring to the Joint Press Release (if issued), using the language from the Joint Press Release (if not yet issued) and/or by referring such inquiries to any Court filings not under seal.  Provided, however, that Class Counsel shall not be barred from discussing or circulating publicly available information about the Settlement Agreement and the resolution of the Litigation to persons who contact them with questions about the Settlement, this Agreement or the resolution of the Litigation, with the understanding that any such discussion shall be consistent with the information contained in the Joint Press Release and the motions for preliminary and final approval.  In addition, all Class Counsel may put the Joint Press Release (once issued) and items from the publicly available case docket on their web sites with the understanding that any such information shall be consistent with the information contained in the Joint Press Release and the motions for preliminary and final approval.

## 23.   DOCUMENTS AND DISCOVERY

23.1   The destruction or return of documents and discovery shall be governed by Paragraph 14 of the Protective Order that the Parties entered into in this Litigation.  *See* Dkt. No. 108.

## 24.   MISCELLANEOUS PROVISIONS

24.1   Construction. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and their counsel and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or her or his counsel participated in the drafting of this Settlement.

24.2   Captions and Interpretations. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

24.3   Modification. This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court. Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification, or by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

24.4   Integration Clause. This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may

be waived except in writing and signed by the Party against whom such waiver is to be enforced.

24.5   Binding on Assigns. This Settlement shall be binding upon, and inure to the benefit of, the Settlement Class Members and Walmart and their respective heirs, trustees, executors, administrators, successors, and assigns.

24.6   Counterparts. This Agreement may be executed by facsimile signature and in any number of counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

24.7   Applicable Law. This Agreement shall be governed by Illinois law without regard to its choice of law or conflicts of law principles or provisions.

For Plaintiffs:

Name: *Ellen Eardley*

Title: *Partner, Mehri + Skalet, PLLC*

Signature: _____

Date: 10-14-2019

For Walmart:

Name: **Brian Duffy**

Title: **CEO, Greenberg Traurig LLP**

Signature: _____

Date: **10/14/2019**

**Exhibit 1 to the Settlement Agreement**

## DRAFT CLAIM FORM

*Note: Format and layout will be finalized with the assistance of the claims administrator.*

[Name & Address Label]

A class action settlement covers women who worked at Walmart and were denied workplace accommodations because of pregnancy between March 19, 2013 and March 5, 2014.

You may be eligible for a monetary award if you complete this form by _____, 2019.  You may submit this form on line at _____, or, if you prefer, you may instead fill out this form and mail it to the claims administrator at the address identified below and postmarked by _____.

## INSTRUCTIONS

Please read the instructions and claim form carefully.  The information you provide on the claim form will determine whether you are eligible to participate in the settlement, and, if so, the amount of your monetary award.  The amount of money you will receive also will depend upon the number of workers who submit claim forms.

The monetary awards will be determined by a claims administrator after reviewing all claim forms that are submitted.  The claims administrator's distribution plan must be reviewed and approved by the court before the settlement is final.

You must complete all sections marked REQUIRED.

You must sign the claim form and certify that the information that you are providing is correct and acknowledge that the penalty for providing untruthful information is perjury.

Your submissions will be kept confidential to the fullest extent allowable under the law and will not be shared with anyone at Walmart unless they have a legitimate business need to review the information.

[Insert other instructions from claims administrator.]

## *REQUIRED* BACKGROUND INFORMATION

- NAME:
- PHONE:
- PERSONAL EMAIL ADDRESS (if any):
- DATE OF BIRTH:
- LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER:
- ADDRESS, CITY, STATE, ZIP CODE:
- Please identify the Walmart location where you worked.

Claim Form Deadline:_____
[insert website here]

- Have you previously signed a document waiving or giving up pregnancy discrimination claims against Walmart? Y/N
- If so, please describe the claims related to the waiver, the date the waiver was signed, and the time period related to the waiver.  Please submit a copy of the waiver.

### *REQUIRED* INFORMATION REGARDING YOUR PREGNANCY & YOUR REQUEST FOR ACCOMMODATION OR ASSISTANCE FROM WALMART

- Were you pregnant at any point between March 19, 2013 and March 5, 2014? Y/N
- Did you ask any Walmart manager, supervisor, or human resources employee for a workplace accommodation because of your pregnancy? Y/N
  - (Examples of requests for workplace accommodations include a request for light duty, to avoid heavy lifting, to avoid climbing ladders, to use a stool, to carry a water bottle, to be allowed frequent restroom breaks, to avoid breathing in chemicals, for a modified schedule or transfer, for time off for a medical appointment related to pregnancy, etc. You may have requested a different accommodation and you should list that below if applicable.)
- Did Walmart deny your request? Y/N

### IMPACT ON YOUR JOB DUE TO WALMART DENYING YOUR REQUEST FOR A PREGNANCY-RELATED ACCOMMODATION

If you lost time at work, had to take an unpaid leave, quit, or lost your job, due to Walmart denying your request for a pregnancy-related workplace accommodation at any point between March 19, 2013 and March 5, 2014, you may complete this section to be considered for additional funds from the settlement.

- Did you lose paid time at work because Walmart denied your request for a pregnancy-related accommodation?  Y/N
  - How many full days of work did you lose?
    - 5 days or less
    - 6-15 days
    - 16-25 days
    - 26 days or more
  - How many partial days of work did you lose?
    - 5 days or less
    - 6-15 days
    - 16-25 days
    - 26 days or more
  - Were you hourly or salaried at the time that you lost work?
    - Hourly
    - Salaried

- Were you fired from Walmart because Walmart denied your request for a pregnancy related accommodation? Y/N
  - Did Walmart rehire you to work at Walmart within 6 months of childbirth?


## PHYSICAL OR EMOTIONAL IMPACT OF WALMART DENYING YOUR REQUEST

If you experienced harm to your health (including physical harm, harm to your fetus, or emotional distress) due to Walmart denying your request for a pregnancy-related workplace accommodation at any point between March 19, 2013 and March 5, 2014, you may complete this section to be considered for additional funds from the settlement.

- Did you experience physical harm (including harm to your fetus), emotional distress, or other health issues because Walmart denied your pregnancy-related request for a workplace accommodation? Y/N
  - Did you see a health care professional (such as a doctor, counselor, or therapist) because Walmart denied your pregnancy-related request for a workplace accommodation? Y/NWere you prescribed any medication as a result of Walmart denying your pregnancy-related request for a workplace accommodation? Y/N
- If you wish, you may provide additional information regarding the physical or emotional impact of Walmart denying your request for a pregnancy-related workplace accommodation here:

### FINANCIAL IMPACT OF WALMART DENYING YOUR REQUEST

If you had financial losses due to Walmart denying your request for a pregnancy-related workplace accommodation, you may complete this section to be considered for additional funds from the settlement.

- Did you incur out-of-pocket expenses, such as health care costs, because Walmart denied your pregnancy-related request for accommodation?  Y/N
- Did you suffer financial losses beyond lost pay, such as loss of a home or car or filing for bankruptcy, because of lost income after Walmart denied your request for an accommodation?  Y/N
- If you wish, you may provide additional information regarding the financial impact of Walmart denying your request for a pregnancy-related workplace accommodation here:


### CONTRIBUTIONS TO THE LITIGATION

If you contributed to the investigation or prosecution of this lawsuit, you may complete this section to be considered for additional funds from the settlement.

- Did you contribute to the investigation or prosecution of this lawsuit against Walmart? Y/N
  - If yes, please describe:

Claim Form Deadline:_____
[insert website here]

- The dates you contacted the attorneys representing the class, A Better Balance, the National Women's Law Center, or Mehri & Skalet, PLLC,
- The method of communication (email, phone, meeting)
- The information and/or documents that you provided
o Please describe any other contributions.


## <u>REQUIRED SWORN AFFIRMATION AND SIGNATURE PAGE</u>

I declare under the penalty of perjury that the information and facts I have stated in this claim form and in any attachments are true and accurate to the best of my personal knowledge. I understand that making a knowingly false statement may subject me to prosecution for perjury.

I understand that I must keep the Claims Administrator informed of my current address and of any change in my home address. If I do not do so, I understand that I may not receive any award to which I might otherwise be entitled.

Executed this ___ day of _____, 2019

_____
Signature

_____
Typed or Printed Name


**PLEASE KEEP A COPY OF YOUR COMPLETED CLAIM FORM AND ANY ATTACHMENTS. NO CLAIM FORMS OR ATTACHMENTS WILL BE RETURNED TO YOU.**

**To be eligible to be considered for a monetary award, you must complete the claim form online at _____ by _____.**

**If you prefer, you may complete, sign, and return this Claim Form by _____(postmark date) to:**

[INSERT]

4

**Exhibit 2 to the Settlement Agreement**

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TALISA BORDERS,<br>OTISHA WOOLBRIGHT, and<br>STACEY LEWIS,<br>On behalf of themselves and all others<br>similarly situated,<br>     Plaintiffs | CIVIL ACTION – CLASS ACTION<br><br>3:17-cv-00506<br><br>Judge Staci M. Yandle<br>Magistrate Judge Mark A. Beatty |
|     v. | |
| WALMART STORES, INC.,<br>    Defendant | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter came before the Court on Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion).

WHEREAS, a putative class action is pending before the Court entitled *Borders, et al v. Wal-Mart Stores, Inc.* Case No. 3:17-cv-0506-SMY-MAB (United State District Court for the Southern District of Illinois);

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Plaintiffs/Class Representatives, on behalf of themselves and Settlement Class Members on the one hand, and Wal-Mart Stores, Inc. k/n/a Walmart Inc. ("Walmart") on the other hand (the "Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein;

WHEREAS, on _____, 2019, the Court entered its order preliminarily approving the Settlement of this class action as set forth in the Agreement approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(d) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing;

WHEREAS, the Court has received declarations of _____ attesting to the provision of notice in substantial accordance with the Preliminary Approval Order;

WHEREAS, the Court has considered all timely filed objections to the Settlement;
and

WHEREAS, the Court has conducted a Final Fairness Hearing on _____, 2020 (the "Settlement Approval Hearing"), and has considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiffs, Settlement Class Members, and Walmart.

2.      In accordance with Rules 23(d) and 23(e) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Settlement Agreement, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order

2

(a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.      The Court also finds and determines that the parties have satisfied the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by serving the appropriate governmental authorities with timely notice of the Settlement.

4.      The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, extensive discovery and motion practice, and extensive good-faith arm's length negotiations between the parties, and it is fair, adequate, and reasonable to those it affects. *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (articulating the "Isby" factors for class settlement approval in this Circuit); *Kaufman v. American Express Travel*, 877 F.3d 276, 284-85 (7th Cir. 2017) (describing factors to consider in approving class action settlement); *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701, 711-13 (7th Cir. 2015) (same).

5.      The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Agreement is hereby APPROVED as fair, reasonable and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Agreement in accordance with its terms.

6.      The Court APPROVES payment of the Gross Settlement Amount in accordance with the terms of the Agreement.

7.     The Court finds and determines that the Settlement Payments to be paid to the
Settlement Class Members as provided for by the Agreement are fair and reasonable. The Court
hereby APPROVES and ORDERS the payment of those amounts to be made to the Settlement
Class Members out of the Net Settlement Amount in accordance with the Agreement.

9.     The Court APPROVES payment of Attorneys' Fees and Litigation Expenses to
Class Counsel in the amount of $_____ as fair and reasonable. The Court further finds that no
attorneys have asserted any attorney liens as to the Attorneys' Fees and Litigation Expenses
awarded by the Court.

10.    The Litigation is hereby DISMISSED WITH PREJUDICE and without costs to any
Party, other than as specified in the Agreement and this Order.

11.    In consideration of the Net Settlement Amount provided for under the Agreement,
and for other good and valuable consideration, each of the Releasing Settlement Class Members
shall, by operation of this Order, have fully, finally, and forever released, relinquished, and
discharged all Released Claims against Walmart in accordance with Section 12 of the Agreement
the terms of which are incorporated herein by reference, shall have covenanted not to sue Walmart
with respect to all such Settlement Class Member Released Claims, and shall be permanently
barred and enjoined from instituting, commencing, prosecuting or asserting any such Settlement
Class Member Released Claims against Walmart.

12.    This Order is the Final Judgment in the suit as to all Settlement Class Member
Released Claims.

13.    Without affecting the finality of this Order in any way, this Court retains
jurisdiction over: (a) the interpretation, implementation, and enforcement of the Settlement and the
terms of the Agreement; (b) the distribution of the Class Settlement Amount, the Enhancement

4

Payments and the Payment of the Attorneys' Fees and Litigation Expenses; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

14.     In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, the Settlement Class Members, and Walmart.

15.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

IT IS SO ORDERED.

Date: [DATE], 2020

_____

STACI M. YANDLE
United States District Judge

**Exhibit 3 to the Settlement Agreement**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BORDERS et al., | ) | |
| Plaintiffs, | ) | Civil No. 3:17-cv-0506 |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) | |

### NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AGREEMENT, AND SETTLEMENT HEARING

IF YOU WERE PREGNANT
WHILE YOU WORKED AT WALMART
AND WALMART DENIED YOUR REQUEST
FOR A WORKPLACE ACCOMMODATION
BETWEEN MARCH 19, 2013 AND MARCH 5, 2014,
A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

*A federal court has authorized this Notice.*
*This is not a solicitation from a lawyer.*

*Please read this Notice carefully and fully.*
*You may be eligible to claim money from a Settlement Fund.*

You may visit www.XXX.com for more information.

## Summary

- Three women, who are called the Plaintiffs, have sued Walmart for pregnancy discrimination. They sued on behalf of themselves and all other Walmart employees whose requests for workplace accommodation were denied because of pregnancy from March 19, 2013 through March 5, 2014. After extensive negotiations, the Plaintiffs and Walmart have agreed on the terms of a Settlement.

- Walmart denies that it has done anything wrong, and the Court did not decide that issue. However, Walmart has agreed to be bound by the terms of this Settlement.

- The Court has reviewed the Settlement and given it preliminary approval.

- Before deciding whether to give final approval to the Settlement, the Court wishes to tell you about the Settlement and your rights to opt out of or object to the Settlement.

- The Court has allowed the following Settlement Classes to make claims for monetary relief:

  1) All women employed by Walmart at stores in the 39 National Policy States[1] who were denied requested accommodations because of pregnancy by the Accommodation Service Center (ASC) from March 19, 2013 through March 5, 2014.]

  AND

  2) All women employed by Walmart at stores nationwide who were denied requested accommodations because of pregnancy by store level management and/or store-level human resource personnel from March 19, 2013 through March 5, 2014.

- If you fit one of the definitions above, then you are a Class Member. If you are a Class Member, you may make a claim for money, opt out of the Settlement, object to the Settlement or do nothing.

- Before the Settlement becomes final, the Court will hold a Settlement Hearing to consider whether the Settlement is fair, reasonable, and adequate. The hearing will be held at ____PM/AM at the U.S. District Court, _____ before the Honorable Staci M. Yandle. If the Court decides the Settlement is fair, reasonable, and adequate, it will enter an order giving final approval to the Settlement and the Court's judgment will be final and binding.

---

[1] "*National Policy States*" means Alabama; Alaska; Arizona; Arkansas; Colorado; Delaware; Florida; Georgia; Idaho; Indiana; Iowa; Kansas; Maine; Maryland; Massachusetts; Michigan; Minnesota; Mississippi; Missouri; Nebraska; Nevada; New Hampshire; New Jersey; New York; New Mexico; North Carolina; North Dakota; Oregon; Pennsylvania; Rhode Island; South Carolina; South Dakota; Texas; Utah; Vermont; Virginia; Washington; Wisconsin; and Wyoming.

- You are not required to appear at the Settlement Hearing.  If you are a Class Member and do not opt out or object, the attorneys for the Classes will represent you at no cost to you.  If you wish to opt out of the Settlement, you must opt out in writing, but you do not need to appear at the hearing.  If you wish to object to the Settlement, you must submit a written objection and you may, in addition and at your own expense, appear and be heard by the Court, either by yourself or with an attorney of your choice.

.

| LEGAL RIGHTS AND OPTIONS FOR CLASS MEMBERS | |
|---|---|
| **Submit a Claim Form** | **This is the only way to be eligible to receive money from the Settlement Fund.**<br><br>You must submit a claim form by _____. |
| **Do Nothing** | **Receive no money from the Settlement Fund.**<br>**Give up certain rights.**<br><br>By doing nothing, you will not receive any money from the Settlement Fund, and you will give up any rights you might have to separately pursue the pregnancy discrimination claims against Walmart that are described in the Settlement Agreement. |
| **Opt Out** | **Get out of this lawsuit (opt out).  Receive no money from the Settlement Fund.  Keep any rights you might have to pursue pregnancy discrimination claims against Walmart separately.**<br><br>If you exclude yourself, you will not be eligible to receive any money from the Settlement Fund, but you will keep any rights you might have to separately pursue the pregnancy discrimination claims against Walmart that are described in the Settlement Agreement.<br><br>You must submit your request to opt out by _____.<br><br>If you opt out, you may not also submit a Claim Form. |
| **Object/Comment** | **Write to the Court about why you think the settlement is fair or unfair to the class.**  If you object or comment, you will remain a Settlement Class Member, and if the Settlement is approved, you will remain eligible to participate in the Settlement (assuming you submit a timely claim form) and you will give up any rights you might have to pursue the pregnancy discrimination claims against Walmart that are described in the Settlement Agreement.<br><br>You must submit your comment or objection by _____. |
| **Go to the Hearing** | **Ask to speak in Court about the fairness of the settlement.**<br><br>You must submit your request to speak in Court by _____. |

## WHAT THIS NOTICE CONTAINS

[Insert final table of contents]

## BASIC INFORMATION

### 1.   Purpose of this Notice

This Notice informs you about this lawsuit, the certification of settlement classes (the "Class"), the terms of a proposed settlement (the "Settlement"), and your rights in connection with a hearing which will be held before the Court on a date to be determined, to consider the fairness, reasonableness, and adequacy of the Settlement.   This Notice also describes the steps class members should take   exclude themselves from the Class and, for those who remain Class Members, the steps necessary to seek payment from the Settlement Fund if the Court approves the settlement.

### 2.   Background:  About the Lawsuit

Three women, who are the "Named Plaintiffs" or "Plaintiffs" in this lawsuit, retained attorneys called "Class Counsel" to investigate claims of pregnancy discrimination at Walmart Inc., (formerly known as Wal-Mart Stores, Inc. and hereinafter "Walmart").

Two of these Named Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Walmart discriminated against them and a class of similarly situated women throughout the United States on the basis of pregnancy by denying their requests for accommodation in the workplace related to pregnancy from March 19, 2013 through March 5, 2014.  For example, the Named Plaintiffs asked Walmart to be relieved from lifting heavy items at work during their pregnancies.  The first of the Plaintiffs' EEOC charges was filed on January 11, 2014.

On May 12, 2017, the Plaintiffs filed a Complaint on behalf of themselves as individuals and on behalf of a nationwide class of pregnant employees against Walmart pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").  In this lawsuit, the Plaintiffs allege that Walmart denied their requests for workplace accommodations related to pregnancy while granting accommodations to other employees similarly restricted in their ability to work without accommodations.

In addition to the class claims asserted in the Complaint, the three Named Plaintiffs assert individual, non-class claims of retaliation against Walmart for allegedly retaliating against them for requesting workplace accommodations because of pregnancy.   You can read all of the claims in the Amended Complaint, which can be found at _____.

Walmart denies that it discriminated against pregnant workers or that it otherwise did anything wrong.  By entering into the proposed Settlement, Walmart does not admit any wrongdoing.

The Court has not determined and, if the Settlement is finally approved, will not determine whether Walmart discriminated against pregnant workers or otherwise did anything wrong.  This Notice should not be regarded as an expression of the Court's opinion on the merits of any claims or defenses of the Parties.  No trial has occurred.  The Court has made no finding or determination that Walmart has violated any law or obligation. Because the Named Plaintiffs and Walmart asked the Court to approve the Settlement, the Court will examine the Settlement Agreement to

determine whether it is fair, adequate and reasonable to the Class.  The Court will not otherwise examine the merits of the parties' underlying claims or defenses.

The Settlement resolves all pregnancy discrimination claims under Title VII of the Civil Rights Act of 1964 or any state or local anti-discrimination law arising from March 19, 2013, through March 5, 2014.  The Settlement also resolves the Named Plaintiffs' individual, non-class claims.

The Court has reviewed the Settlement and has preliminarily approved it as being fair, adequate and reasonable.  Before deciding whether to give the Settlement final approval, the Court wishes to inform you of the general terms of the Settlement and of your rights to comment on the Settlement or to opt out, i.e., be excluded, from the monetary portion of the Settlement.

**3.      Class Definition—You May Be Part of the Class**

You are a member of the Class affected by the Settlement if you fit within one of these two definitions:

> 1)  All women employed by Walmart at stores in the 39 National Policy States[2] who were denied requested accommodations because of pregnancy by the Accommodation Service Center (ASC) from March 19, 2013 through March 5, 2014.]

> OR

> 2)  All women employed by Walmart at stores nationwide who were denied requested accommodations because of pregnancy by store level management and/or store-level human resource personnel from March 19, 2013 through March 5, 2014.

If you received this Notice in a mailing addressed to you, then Walmart's records show that you may have been an employee who was pregnant sometime between March 19, 2013 and March 5, 2014. If you requested a workplace accommodation because of pregnancy and Walmart denied your request during this time period, then you have legal rights and options that you may exercise before the Court finally approves the Settlement.

**Do I Have to Be Part of this Lawsuit?**

No.  You may exclude yourself from, or "opt out" of, this lawsuit.  If you do so, you will not receive any money from the Settlement Fund.  You will keep any legal rights that you would otherwise have to sue Walmart individually. Information about how to opt out is included below.

---

[2] "*National Policy States*" means Alabama; Alaska; Arizona; Arkansas; Colorado; Delaware; Florida; Georgia; Idaho; Indiana; Iowa; Kansas; Maine; Maryland; Massachusetts; Michigan; Minnesota; Mississippi; Missouri; Nebraska; Nevada; New Hampshire; New Jersey; New York; New Mexico; North Carolina; North Dakota; Oregon; Pennsylvania; Rhode Island; South Carolina; South Dakota; Texas; Utah; Vermont; Virginia; Washington; Wisconsin; and Wyoming.

4.      **Summary of Settlement Terms**

**What Are the Terms of the Settlement?**

The Settlement requires Walmart to establish a $14 million Settlement Fund.

**The Settlement Fund**

Walmart will pay $14 million dollars ($14,000,000) into a Settlement Fund.  Most of the
Settlement Fund will pay Class Members.  A portion of the Settlement Fund, not to exceed
$200,000, will be used to pay the costs of administering the Settlement.  A portion of the Settlement
Fund will also be used to reimburse Class Counsel for the costs and expenses of the litigation as
well as pay attorneys' fees.  This amount will not exceed one-third of the Settlement Fund plus
costs.  Class Counsel will submit a request for payment of their fees and costs to the Court by
_____.   The remainder of the Settlement Fund will be distributed to the Named Plaintiffs and
Class Members to compensate them for their claims.  In order to be eligible to receive a share from
the Settlement Fund, class members must submit a claim form, a copy of which accompanies this
Notice, as described below.

5.      **Settlement Hearing**

The Court will decide whether to finally approve this Settlement after a Settlement Hearing to be
held at ____PM/AM before the Honorable Staci M. Yandle,.  The Court will determine whether
the proposed Settlement is fair, reasonable, and adequate and whether it should be approved.  The
Court will also consider whether the motion of the Plaintiffs' attorneys for an award of attorneys'
fees and expenses should be approved, and whether an order and judgment should be entered
bringing the litigation to a conclusion.

**Do I Have to Come to the Settlement Hearing?**

No.  You are not required to appear at the hearing.  Class Counsel, who are the attorneys for the
Plaintiffs, will appear at the hearing on behalf of all Class Members at no cost to you.  But, if you
would like to object to the Settlement, you may be heard at the Settlement Hearing, either by
yourself, or, at your own expense, through an attorney of your choice.

6.      **Class Member Options**

If you are a Class Member, you have several options.  You must decide whether you want to: (A)
submit a claim form in order to be eligible to receive money from the Settlement Fund; (B) do
nothing; (C) exclude yourself from the Class and not receive a payment from the Settlement Fund;
or (D) object to or comment on the Settlement.

**Option A:  Submit a Claim Form for Payment from the Settlement Fund**

In order to be eligible to receive money from the Settlement Fund, you must complete the Claim
Form and return it to the Claims Administrator by no later than _____.  The Claim Form may be

submitted online at [insert web address], emailed to _____ or postmarked and mailed to the address on the Claim Form by _____.

If the Court approves the Settlement you are a Class Member and you file a timely Claim Form, you will be eligible to obtain money from the Settlement.  The Claim Form asks for information about Walmart's denial of your request for workplace accommodations due to pregnancy and the impact it had on you.  It also asks whether you contributed to the lawsuit by participating in interviews or sharing information with Class Counsel. Your answers to the questions on the Claim Form will determine how much money you will be eligible to receive.

If you are a Class Member but have already signed a document that releases claims against Walmart, you may have lost your right to recover any money under the Settlement for the claims you released.  If you are unsure if you previously signed a release, you may still submit a Claim Form in this case and the Claims Administrator will determine your eligibility to receive an award.

The lawsuit will terminate all claims that the three Named Plaintiffs have or could have brought against Walmart, not just pregnancy discrimination claims.  Named Plaintiffs who release these additional claims and who contributed to the initiation, litigation, and settlement of the lawsuit will be eligible for an enhanced monetary award.

Regardless of whether you submit a Claim Form, if you are a Class Member all pregnancy discrimination claims that you may have from March 19, 2013 through March 5, 2014, arising out of your employment with Walmart, will be barred by this Settlement, unless you opt out.

## Option B:  Do Nothing and Give Up Your Rights

If you take no action, you will remain a part of the Class.  Regardless of whether you submit a claim form, if you do not opt out of the Settlement all pregnancy discrimination claims arising out of your employment that you may have against Walmart from March 19, 2013 through March 5, 2014 will be barred by this Settlement.

## Option C: Opt Out: How Do I Exclude Myself from the Settlement?

You may opt out, or exclude yourself, from this case.  If you opt out, you will ***not be eligible for any payment*** as part of this Settlement.  If you wish to pursue your own separate lawsuit regarding your individual pregnancy discrimination claims related to your employment from March 19, 2013 through March 5, 2014, you must opt out.

Any Class Member who wishes to opt out of the Settlement Class must send a written, signed statement that they are opting out of the Settlement to:

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

To be effective as an opt out, the letter must be emailed, submitted online, or postmarked on or before _____, and must contain each of the following:

(a) your name, the last four digits of your social security number, current address and telephone number;

(b) the name of this case *Borders v. Wal-Mart Stores, Inc*., No. 3:17-cv-0506 (S.D. Ill.);

(c) a statement that you wish to be excluded from the Class, including the following language:

"I understand that, by excluding myself from the Settlement in this case, I am foregoing all monetary benefits and I will receive no money from the Settlement Fund.  I understand that I may bring a separate legal action, but I may receive nothing or less than what I would have received if I had filed a claim form in this case."

Class Members who submit timely and valid opt outs will have no right to object to the Settlement in Court and will no longer be represented by Class Counsel.

If you submit the necessary information to opt out, you may change your mind and rescind your opt-out.  To be effective, such a rescission must be in writing, signed, and postmarked or emailed on or before _____ to the Claims Administrator at the address identified above.

## Option D:  Comment on or Object to the Settlement and/or Speak at the Hearing

The Court must assess the overall fairness and reasonableness of the Settlement to the Class.  Class Members who have not opted out of the Settlement may comment on or object to the Settlement. To have your objection considered by the Court, you must submit the objection in writing.  This statement must be signed and must include your name, the name and number of this case *Borders v. Wal-Mart Stores, Inc*., No. 3:17-cv-0506 (S.D. Ill.), the last four digits of your Social Security number, a description of your request that Walmart provide you an accommodation due to pregnancy and Walmart's denial of the request between March 19, 2013 and March 5, 2014.  This statement must be received by the Court or the Claims Administrator at the address above on or before _____.

You do not have to speak at the Settlement Hearing for your written comment or objection to be considered by the Court, but you may request to speak if you wish.  To request to speak at the Settlement Hearing, you must include with your written comment or objection a notice stating your desire to speak or to have an attorney you may retain at your own expense speak on your behalf.

No Class Member may speak at the Settlement Hearing without first having filed and served an objection(s) in writing within the time period described above.

If you object or comment, you will remain a Settlement Class Member, and if the Settlement is approved, you will remain eligible to participate in the Settlement (assuming you submit a timely claim form) and you will give up your right to sue on the pregnancy discrimination claims described in the Settlement Agreement.

7.      **How Will the Claims Administrator Determine if I am Eligible to Participate?**

If you submit a Claim, the Claims Administrator will first determine if you are eligible to participate in the Settlement.  The Claims Administrator will review the information you submit about March 19, 2013 through March 5, 2014 to determine whether: you worked at Walmart during this time period, you were pregnant during this time period, you asked Walmart to accommodate your pregnancy during this time period, and Walmart denied your request for pregnancy accommodation during this time period.

The Claims Administrator may compare the dates of employment that you provide with information from Walmart's records.

8.      **How Will Payments Be Calculated?**

The Claims Administrator will review each timely Claim Form submitted by Class Members and Named Plaintiffs ("Claimants").  A Claim Form accompanies this Notice and also can be downloaded from www.XXX.com.  Claimants will be eligible to receive payments based on:

- the number of weeks of wages alleged to have been lost due to Walmart's denial of the Claimant's request for workplace accommodation because of pregnancy and whether the Claimant was an hourly or salaried employee;

- emotional distress or physical harm, if any, suffered as a result of Walmart's alleged denial of a pregnancy-related workplace accommodation and/or as a result of pregnancy discrimination; and

- financial damages and expenses, if any, as a result of Walmart's alleged denial of a pregnancy-related workplace accommodation and/or as a result of pregnancy discrimination, such as costs for medical care.

Claimants may choose not to answer questions about emotional distress, physical harm or financial damages, and if so, they will only be eligible to receive a payment based upon their membership in the class and weeks of work lost.

The Claims Administrator will determine monetary awards by reviewing each Claim Form using a formula that will be approved by the Court before it becomes final.  At this time, it is not possible to predict how much money a particular Claimant will receive.

In addition to the factors identified above, the Claims Administrator may award a Claimant additional points if the Claimant contributed substantively to the litigation (for example, being a Named Plaintiff or participating in interviews with Class Counsel).  The Named Plaintiffs, who will be releasing all claims against Walmart including their claims of retaliation, will receive additional points for releasing any and all claims against Walmart.

You will not have a right to challenge the allocation and distribution determined by the Claims Administrator.

The total amount of awards made to the Claimants shall not exceed the net amount of the Settlement Fund that remains after deducting Class Counsel's attorney's fees and costs and costs associated with the administration of the fund.

Claim Forms must be submitted subject to the penalty of perjury.  The information provided on the Claim Form may be verified for accuracy against Walmart's records,  any documents provided by Claimants, and information provided by Class Counsel.

The Claim Form may be submitted online, via email, or U.S. Mail to the addresses listed on the Claim Form.  The Claim Form must be submitted, emailed, or postmarked _____.

**What Happens After I Submit My Claim Form?**

After all timely Claim Forms are reviewed, Class Counsel will submit the Claims Administrator's distribution formula to the Court for review.  If the Court approves the distribution of the Settlement Fund and approves the Settlement as fair, reasonable, and adequate, it will enter an order giving the Settlement final approval.  After the Court's order, the Claims Administrator will send eligible Claimants their awards in the form of a check via U.S. Mail.

If any undistributed funds remain one year after checks are mailed, the amount will be distributed pro rata or, if the amount is insufficient to merit a second distribution, Class Counsel will meet with Walmart and make a proposal to the Court regarding disposition of the remaining funds.

The Claims Administrator will maintain the distribution formula and allocation list for a period of five (5) years.

**Are There Tax Consequences for Any Money I Might Get?**

Any award you receive from the Settlement Fund will have tax consequences for you.  The Claims Administrator will be responsible for withholding, remitting and reporting each Claimant's share of income taxes and payroll taxes, including applicable FICA, and/or Medicare, from the Settlement Fund.  Walmart will be responsible to pay for the employer's share of taxes, including FICA, FUTA, SUTA and Medicare.  Class Counsel, Walmart and the Claims Administrator are not tax advisors and cannot give you advice on any tax matters.  Class Counsel urge you to consult your tax advisor for answers to any questions you may have about the tax implications of any potential award.

**9.     Confidentiality**

Class Counsel, Walmart and the Claims Administrator take your confidentiality seriously.  The names of the Claimants and any submissions will be kept confidential to the fullest extent allowable under the law and will not be shared with anyone at Walmart unless they have a legitimate business need to review the information. It is unlawful for Walmart to retaliate against you for your participation in this case.

10.     **The Lawyers Representing the Class**

Class members are represented in this litigation by Class Counsel, led by Ellen Eardley of Mehri & Skalet, PLLC.  Class Counsel includes:

| | |
|---|---|
| **A BETTER BALANCE**<br>40 Worth Street, 10th Floor<br>New York, NY 10013<br>212-430-5982 | **NATIONAL WOMEN'S LAW CENTER**<br>11 Dupont Cir NW, Suite 800<br>Washington, DC 20036<br>202-588-5180 |
| | **MEHRI & SKALET, PLLC**<br>1250 Connecticut Avenue, NW, Suite 300<br>Washington, DC 20036<br>202-822-5100 |

Unless you elect to exclude yourself from the Settlement, you will continue to be represented by Class Counsel in connection with implementation of the Settlement.  Although it is not necessary, you may, if you wish to do so, retain your own attorney at your own expense.

**How Will the Lawyers Be Paid?**

In connection with the Settlement, the Court will award Class Counsel reasonable attorneys' fees and expenses out of the Settlement Fund.  If you are a Class Member and receive a payment from the Settlement Fund, you will not owe any fees or expenses to the lawyers who have represented the Class.  The attorneys' fees and expenses, as awarded by the Court, will be paid from the Settlement Fund only if and after the Settlement has been approved by the Court.

Class Counsel will file a motion for an award of attorneys' fees and expenses incurred.  In its motion Class Counsel will request that the Court award them reimbursement of out-of-pocket expenses which are approximately $275,000 plus attorneys' fees in the amount of up to 33.33% of the proposed $14,000,000 payment by Walmart.

The attorneys have pursued these claims on behalf of Plaintiffs and the Class without receiving any compensation for their services or reimbursement of their out-of-pocket expenses.  They have undertaken substantial financial risk in pursuing this matter.

11.     **Getting More Information**

If you have further questions or are still not sure whether you are included, you can get free help at _____ or by calling or writing to Class Counsel or the Claims Administrator in this case, at the following phone number or address:

[INSERT]

OR

Ellen Eardley

(202) 822-5100

walmartpregnancy@findjustice.com

This Notice contains only a summary of the terms of the Settlement.  For further information, the Settlement Agreement (which includes the complete terms of the Settlement), the Claim Form, and other documents connected with the Settlement are available for review and/or downloading at _____.  Other orders that the Court may issue from time to time regarding the administration of the Settlement also will be available at _____.

**PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, OR WALMART WITH QUESTIONS REGARDING THIS NOTICE.**

Dated: _____, 2019                    _____

                                            The Honorable Staci M. Yandle
United States District Court Judge
United States District Court for the
Southern District of Illinois