IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TALISA BORDERS, ) | |
| OTISHA WOOLBRIGHT, and ) | |
| STACEY LEWIS, On Behalf of ) | |
| Themselves and all Others Similarly ) | |
| Situated, ) | Case No. 17-cv-506-SMY |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| WALMART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND AWARDING ATTORNEYS' FEES AND COSTS

The above-captioned matter came before the Court on Plaintiffs' Motion for Certification of the Settlement Class and Final Approval of the Class Action Settlement (Doc. 146). On November 14, 2019, this Court entered an Order preliminarily approving the Settlement on behalf of the two Classes set forth therein, conditionally certifying the Classes, appointing Mehri & Skalet, PLLC, the National Women's Law Center, and A Better Balance as Class Counsel, and authorizing Notice to all class members (Doc. 138). No class member has objected to the Settlement, and only one class member has opted out of the Settlement.

On January 13, 2020, Plaintiffs filed their Motion for Attorneys' Fees and Expenses and memorandum in support (Docs. 140, 140-1). Plaintiffs requested $4,666,200 in attorneys' fees, which is an amount equal to 33.33% of the $14,000,000 common fund, plus interest thereon; $258,135 in expenses reasonably incurred in this case through December 31, 2019;

and additional actual expenses reasonably incurred between January 1, 2020 and final approval, with the total amount of expenses awarded not to exceed $275,000. *See id*. Class Counsel submits that, as of March 15, 2020, they have devoted 5417 hours to representing the Plaintiffs and pursuing claims on behalf of the class, with an updated lodestar value of $3,302,186. *See id.;* Eardley Decl. at ¶ 32.

The Court held a final fairness hearing on April 29, 2020 via telephonic means and permitted the public access to the telephonic hearing and/or via live-video streaming. Having considered Plaintiffs' Motion for Certification of the Settlement Class and Final Approval of the Class Action Settlement, the supporting declarations and exhibits, the oral argument presented at the April 29, 2020 fairness hearing, and the complete record in this matter, for reasons set forth therein and stated on the record at the April 29, 2020 fairness hearing, and for good cause shown, the Court hereby **GRANTS** the Motion for Final Approval and finally approves the Settlement memorialized in the Settlement Agreement between the parties. Further,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Court certifies the following two classes under Federal Rule of Civil Procedure 23(a) and (b)(3), for settlement purposes only: the Accommodations Service Center (ASC) Settlement Class and the Non-ASC Settlement Class. The ASC Settlement Class consists of all women employed by Walmart at stores in the 39 National Policy States who were denied requested accommodations because of pregnancy by the ASC between March 19, 2013 and March 5, 2014, inclusive. The Non-ASC Settlement Class consists of all women employed by Walmart at stores nationwide who were denied requested accommodations because of pregnancy by store-level management and/or store-level human resource personnel

between March 19, 2013 and March 5, 2014, inclusive. The Court finds that the Rule 23 classes meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(e).

2. The Court concludes that the proposed Settlement Agreement is the result of extensive, arms' length negotiation by counsel well-versed in the prosecution and defense of employment class actions and is substantively fair, reasonable, and adequate.

3. The Court finds that pursuant to the Preliminary Approval Order, the class members were provided with the best notice practicable under the circumstances, that the Notice fairly and adequately advised class members of the terms of the Settlement, and that the Notice distribution process comported with all legal requirements, including those of due process.

4. The Court concludes that the scoring rubric developed by the Claims Administrator providing an average claimant award of $2,221.65 and awards to the three class representatives of approximately $36,664.00 (Woolbright), $37,443.08 (Lewis), and $37,443.08 (Borders)`is fair, adequate, and reasonable.

5. The Court concludes that A.B. Data has been properly performing its duties as Claims Administrator under the Settlement Agreement and authorizes the payment of its reasonable fees and expenses from the Qualified Settlement Fund.

6. The Court hereby **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Expenses (Doc. 140) and **AWARDS** Class Counsel attorneys' fees in the amount of one-third of the common fund ($4,666,200.00) and actual costs not to exceed $275,000, with the final award of costs to be determined after Class Counsel submits a declaration setting forth the

reasonable remaining costs incurred between March 16, 2020, and the day after the fairness hearing.

7. The "Settlement Effective Date" shall be thirty-one (31) days after the date of the entry of this Order. If a party appeals the Court's Final Order and Judgment, then the "Effective Date" of the settlement shall be fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision become final, without any further rights of appeal.

8. By no later than ten (10) business days after the Settlement Effective Date, Defendants shall deposit the balance into the Qualified Settlement Fund.

9. The Claims Administrator shall calculate the additional amounts to be paid by Walmart for the employer's share of taxes and shall provide notice to Walmart, in writing, of the amounts to be transferred and an account, other than the Qualified Settlement Fund, into which to transfer such funds. Within ten (10) business days of its receipt of such written notice, Walmart shall transfer such amount to the account directed by the Claims Administrator.

10. By no later than thirty (30) calendar days following the Effective Date, the Claims Administrator shall distribute the money in the Qualified Settlement Fund by making the following payments:

    a. Paying eligible class members their individual settlement payments;

    b. Paying the Claims Administrator's fees and expenses as directed in ¶ 7 of this Order; and

    c. Paying Class Counsel the amounts in attorneys' fees and reimbursement of expenses as Ordered by the Court;

11.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

12.     Upon the Effective Date, the parties shall file a Stipulation for Dismissal dismissing this litigation with prejudice, and all Rule 23 class members who have not excluded themselves from the Settlement shall be permanently enjoined from pursuing and/or seeking to reopen the claims that have been released pursuant to the Settlement.

**IT IS SO ORDERED.**

**DATED:  April 29, 2020**

**STACI M. YANDLE**
**United States District Judge**